**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICKY SALAZAR,

Plaintiff,

v. No. 2:26-cv-02875-MIS-DLM

STATE OF NEW MEXICO and
RCC,

Defendants.

**ORDER OF DISMISSAL**

On August 31, 2026, *pro se* Plaintiff Ricky Salazar filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), ECF No. 1, alleging:

> [Plaintiff] was wrongfully incarcerated approximately 30 years ago following a criminal conviction that was subsequently vacated. Despite the conviction being vacated, he continued to suffer the loss of his liberty and the substantial consequences of an unlawful incarceration. The circumstances raise serious concerns regarding violations of his constitutional and due process rights, particularly to the extent that he remained imprisoned or was otherwise deprived of liberty based upon a conviction that was no longer legally valid.

Compl. at 2. Plaintiff sought monetary damages from "the State of New Mexico and the responsible correctional authorities" due to his "wrongful conviction and incarceration." *Id.* at 5.

On September 1, 2026, United States Magistrate Judge Damian L. Martinez entered an Order to Show Cause, ECF No. 5, notifying Plaintiff:

(i) It appears that the Court lacks jurisdiction over Plaintiff's claims against the State of New Mexico due to the State's Eleventh Amendment sovereign immunity. Judge Martinez explained the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to the states, i.e. consent, congressional abrogation and suits against state officials for prospective relief for ongoing

violations of federal law, and noted that there are no allegations in the Complaint showing that any of the three exceptions apply to Plaintiff's claims against the State of New Mexico. (quoting *Levy v. Kan. Dep't of Soc. and Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015).

(ii) It appears Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 may be barred by the statute of limitations.

(iii) The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant RCC because there are no allegations explaining what Defendant RCC did to Plaintiff, when RCC did it and what specific legal right Plaintiff believes RCC violated.

Order to Show Cause at 2-3. Judge Martinez ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See id.* at 5 (notifying Plaintiff that failure to timely show cause may result in dismissal of this case). Judge Martinez later granted Plaintiff's motion for a 30-day extension of time based on Plaintiff's statement that Plaintiff needs additional time to review relevant court records, obtain supporting documentation, and accurately identify the facts and individuals involved in the alleged constitutional violations. *See* Order Granting Motion for Extension of Time, ECF No. 8.

Plaintiff timely filed an Amended Complaint but did not file a separate response showing cause why the Court should not dismiss this case. *See* Am. Civ. Rights Compl. Pursuant to 42 U.S.C. § 1983, ECF No. 9 ("Amended Complaint"). Plaintiff alleges he "was wrongfully incarcerated approximately 30 years ago following a criminal conviction that was subsequently vacated." *Id.* at 2. "Plaintiff seeks financial relief from the State of New Mexico and the

responsible correctional authorities;" Plaintiff does not seek prospective relief for any ongoing violations of federal law. *Id.* at 5.

The Court dismisses this case without prejudice for the following reasons. First, Plaintiff has not shown that the Court has jurisdiction over his claims against the State of New Mexico. There are no allegations in the Amended Complaint showing that any of the three exceptions to the State of New Mexico's Eleventh Amendment immunity apply in this case. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Second, Plaintiff has not shown and the Amended Complaint does not contain allegations showing that Plaintiff's claims are not barred by the statute of limitations. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years").

Finally, the Amended Complaint fails to state a plausible claim against "the responsible correctional authorities" because the Amended Complaint does not contain allegations explaining what each responsible correctional authority did to Plaintiff and when they did it. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

Accordingly, **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE